256

## CIRCUIT COURT OF THE CITY OF RICHMOND

Genesis Properties, Inc.

v.

Willie Wright
and Robinette Rivers

July 12, 2002

Case No. LP-106-1

BY JUDGE MELVIN R. HUGHES, JR.

The trial in this case took place on May 8, 2002, without a jury.

The case is an unlawful detainer action concerning the premises at 1315 North 28th Street, Richmond, Virginia. Plaintiff-landlord seeks rent for the months of September, October, November, and one half of December, and damages for repairs to the premises made after re-entry. Defendants vacated on or about September 18, 2001. Defendants have presented a counterclaim, which, among other things, seeks $750.00 for the loss or damage to a child's Barbie car, $800.00 for damage to a sofa and loveseat, and $300.00 for "cleaning and insect repellant." In connection with the counterclaim, defendants testified the premises were in need of various repairs constantly. These needed repairs stemmed largely from moisture and water leakage that damaged property and from the infestation of the premises by flies. Photographs were presented depicting conditions of the premises during occupancy and after defendants vacated. Defendants also seek a return of their $500.00 security deposit.

Under the Virginia Residential Landlord Tenant Act, Virginia Code § 55-248.2 et seq., a tenant must notify the landlord in writing of the specific acts and omissions constituting breach of the rental agreement. Such notice must include a statement that the rental agreement will terminate in not less

than thirty days if such breach is not remedied in twenty-one days. Va. Code § 55-248.21. In the case at hand, defendants notified plaintiff of the numerous specific acts and omissions constituting breach and requesting remediation. In a letter dated July 19, 2001, defendants notified plaintiffs that the rental agreement would terminate in sixty days. The court finds that the specific acts and omissions constituting breach were not remedied within twenty-one days. On September 18, 2001, defendants moved out of the premises. Because defendants complied with both the Landlord Tenant Act and the termination provision of the written lease, plaintiffs are not entitled to recover the rents for September, October, November, and half of December.

However, the court finds that plaintiff has proved that the premises were in need of repair beyond normal wear and tear. In these respects and for the amounts indicated: (1) two broken windows — $70.00; (2) repair fence and gate — $140.00; (3) scratched floors — $70.00.

Defendants' allegations of various damages as stated in their cross-claim have not been supported by sufficient evidence.

For these reasons, defendants shall have judgment. The court denies defendants' counterclaim as to all damages except for return of $220.00 from the security deposit.